1  **COGBURN LAW OFFICES**
   Jamie S. Cogburn, Esq.
2  Nevada Bar No. 8409
   jsc@cogburnlaw.com
3  Erik W. Fox, Esq.
   Nevada Bar No. 8804
4  efox@cogburnlaw.com
   2580 St. Rose Parkway, Suite 330
5  Henderson, Nevada 89074
   Telephone: (702) 748-7777
6  Facsimile: (702) 966-3880
   *Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| O48 REALTY, INC.<br><br>Plaintiff,<br><br>vs.<br><br>LLOYD'S SYNDICATE 3624 (HISCOX); and NAVIGATORS INSURANCE COMPANY; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case Number<br>2:18-cv-2094-APG-VCF<br><br>**JOINT STIPULATION AND ORDER FOR FILING THIRD AMENDED COMPLAINT** |

Plaintiff, O48 Realty, Inc. (hereinafter "Plaintiff"), and Defendants, Lloyd's Syndicate 3624 (Hiscox) incorrectly named as Hiscox Insurance Company, Inc. and Navigators Insurance Company ("Defendants") by and through their respective counsel of record, stipulate as follows:

…

…

…

…

Pursuant to Fed.R.Civ.P. 15(a), Plaintiff submits the Proposed Amended Complaint attached to this Stipulation as **Exhibit 1**. The parties consent to the filing an order amending the caption to reflect the correct name of Defendant Lloyd's Syndicate 3624 (Hiscox).

Dated this 1st day of February, 2019.

**COGBURN LAW OFFICES**

By:    */s/ Erik W. Fox*
Name: Jamie S. Cogburn, Esq.
       Nevada Bar No. 8409
       Erik W. Fox, Esq.
       Nevada Bar No. 884
       2580 St. Rose Parkway, Suite 330
       Henderson, Nevada 89074
       *Attorneys for Plaintiff,*
       *O48 Realty, Inc.*

Dated this 1st day of February, 2019.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:    */s/ Priscilla L. O'Briant*
Name: Priscilla L. O'Briant, Esq.
       Nevada Bar No. 10171
       6385 S. Rainbow Blvd, Suite. 600
       Las Vegas, Nevada 89118
       *Attorneys for Defendant,*
       *Navigators Insurance Company*

Dated this 1st day of February, 2019.

**BACKUS, CARRANZA & BURDEN**

By:    */s/ Shea Backus*
Name: Leland Eugene Backus, Esq.
       Nevada Bar No. 473
       Shea Backus, Esq.
       Nevada Bar No. 8361
       3050 South Durango Drive
       Las Vegas, Nevada 89117
       *Attorneys for Defendant,*
       *Lloyd's Syndicate 3624 (Hiscox)*

**IT IS SO ORDERED:**

IT IS HEREBY ORDERED that Plaintiff must file the Third Amended Complaint on or before February 8, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

2-1-2019
_____
DATE

# EXHIBIT 1

**Plaintiff's Third Amended Complaint**

**COGBURN LAW OFFICES**
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburnlaw.com
Erik W. Fox, Esq.
Nevada Bar No. 8804
efox@cogburnlaw.com
2580 St. Rose Parkway, Suite330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| O48 REALTY, INC.<br><br>Plaintiff,<br><br>vs.<br><br>LLOYD'S SYNDICATE 3624 (HISCOX); and NAVIGATORS INSURANCE COMPANY; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case Number<br>2:18-cv-2094-APG-VCF |

## **PLAINTIFF'S THIRD AMENDED COMPLAINT**

Plaintiff, O48 Realty, Inc. (hereinafter "Plaintiff"), by and through its attorneys of record, Jamie S. Cogburn, Esq. and Erik W. Fox, Esq., of Cogburn Law Offices, alleges and complains as follows:

## **PARTIES**

1. O48 Realty, Inc. is and was at all times relevant herein, a domestic corporation conducting business in Nevada.

Page 1 of 9

2. LLOYD'S SYNDICATE 3624 (HISCOX) (hereinafter "Hiscox") is a foreign corporation and was at all times relevant herein, issuing policies and conducting business in Nevada.

3. NAVIGATORS INSURANCE COMPANY (hereinafter "Navigators") is a foreign corporation and was at all times relevant herein, issuing policies and conducting business in Nevada.

4. The names and capacities, whether individuals, corporate, associate or otherwise of Defendants named herein as DOE and ROE CORPORATION are unknown or not yet confirmed. Upon information and belief, said DOE and ROE CORPORATION Defendants are responsible for damages suffered by Plaintiff and, therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff will ask leave to amend this Complaint to show the true names and capacities of each DOE and ROE CORPORATION Defendant at such time as the same has been ascertained.

## JURISDICTION AND VENUE

5. This Court possesses subject matter jurisdiction over this matter because Clark County, Nevada is the judicial district in which a substantial part of the events or omissions giving rise to the claims set forth herein occurred.

## GENERAL ALLEGATIONS

## THE PROFESSIONAL LIABILITY INSURANCE POLICIES

6. O48 Realty, Inc. is engaged in the business of the brokerage and sale of real property in Clark County, Nevada.

7. O48 Realty, Inc. entered into an insurance contract with Hiscox for the coverage of activities related to O48 Realty, Inc. real estate business.

8. The Hiscox policy was effective from August 18, 2014 to August 18, 2015.

9. A true, correct and authentic copy of the Hiscox policy is attached as **Exhibit 1**.

COGBURN LAW OFFICES
2580 St. Rose Parkway, Suite 330, Henderson, Nevada 89074
Telephone: (702) 748-7777 | Facsimile: (702) 966-3880

10. O48 Realty, Inc. also entered into insurance contract with Navigators Insurance for the coverage of activities related to O48 Realty, Inc.'s real estate business.

11. The Navigator policy was effective from August 18, 2015 to August 18, 2016.

12. A true, correct and authentic copy of the Navigator policy is attached as **Exhibit 2**.

13. As such, O48 Realty, Inc. had professional liability insurance policies in effect from August 18, 2014 to August 18, 2016.

## THE HISCOX INSURANCE POLICY DENIAL

14. A lawsuit was filed against O48 Realty, Inc. by purchasers of a parcel of real property in Clark County, Nevada.

15. The case, *Scott Carlsen v. Dumitru Ionescu, et al.*, A-15-71672 (hereinafter the "Ionescu Suit"), sued O48 Realty, Inc. among other defendants.

16. The Ionescu Suit alleged that Scott Carlsen, the Plaintiff in the case, purchased a parcel of real property from the Ionescus.

17. Carlsen purchased the Ionescu property on November 16, 2014.

18. After the purchase, Carlsen claimed material defects in the property were not disclosed, including sewage issues, work done on the property without a contracting license and the property's status as a noteworthy haunted house.

19. O48 Realty, Inc. is alleged to have represented the Ionescus in the sale of the property to Carlsen.

20. O48 Realty, Inc. tendered its defense to Hiscox as an insured under all policies.

21. O48 Realty, Inc. also makes a demand for indemnification on Hiscox.

22. Hiscox denied the tender of defense and demand for indemnification submitted by O48 Realty, Inc., refusing to indemnify or provide defense during the Ionescu Suit.

23. Hiscox's handling of the claims was unreasonable, oppressive and malicious, and violated Nevada law governing fair claims practices and warrants an award of punitive damages.

24. The impact of the failure by Hiscox to defend and/or indemnify O48 Realty, Inc. related to the Ionescu Suit was unconscionable.

25. The financial impact of denying coverage, where coverage exists, on O48 Realty was substantial.

26. Hiscox's improper denial of coverage where it knew and appreciated the type of company O48 Realty, Inc. is, was in bad faith.

## THE NAVIGATORS DENIAL

27. O48 Realty, Inc. also tendered its defense to Navigators as an insured under all policies.

28. O48 Realty, Inc. also makes a demand for indemnification on Navigators.

29. Navigators denied the tender of defense and demand for indemnification submitted by O48 Realty, Inc., refusing to indemnify or provide defense during the Ionescu Suit.

30. Navigators handling of the claims was unreasonable, oppressive and malicious, and violated Nevada law governing fair claims practices and warrants an award of punitive damages.

31. The impact of the failure by Navigators to defend and/or indemnify O48 Realty, Inc. related to the Ionescu Suit was unconscionable.

32. Through its agents, Navigators understood and appreciated that O48 Realty, Inc. were profitable, is small company.

33. Navigator's handling of the claims was unreasonable, oppressive and malicious, and violated Nevada law governing fair claims practices and warrants an award of punitive damages.

## FIRST CLAIM FOR RELIEF

**(Breach of Contract – against all Defendants)**

34. O48 Realty, Inc. realleges and incorporates by reference the prior paragraphs of this Complaint as though fully set forth herein.

35. O48 Realty, Inc. entered into insurance contracts with Hiscox and Navigators by virtue of the policies issued which name O48 Realty, Inc. as an insured.

36. Hiscox and Navigators breached the policy when they denied O48 Realty, Inc.'s tender of defense and request for indemnification.

37. As a direct and proximate cause of the Defendant's breach, O48 Realty, Inc. has been damaged in an amount in excess of $15,000.

38. O48 Realty, Inc. has been required to obtain the services of Cogburn Law Offices to prosecute this claim, and is entitled to recover reasonable attorney fees and other costs incurred in this litigation, in addition to any other relief to which it may be entitled.

## SECOND CLAIM FOR RELIEF

**(Tortious Breach of Implied Covenant of Good Faith and Fair Dealing – against all Defendants)**

39. O48 Realty, Inc. realleges and incorporates by reference the prior paragraphs of this Complaint as though fully set forth herein.

40. A covenant of good faith and fair dealing is implied into every contract constructed pursuant to Nevada law, including the policies mentioned hereinabove.

41. Hiscox and Navigators breached the implied covenant of good faith and fair dealing in various ways, including but not limited to denying O48 Realty, Inc.'s claim, not funding O48 Realty, Inc.'s defense and as such, performed in a manner unfaithful to the terms of the policies.

42. As a direct and proximate cause of the Hiscox and Navigators breaches, O48 Realty, Inc. has been damaged in an amount in excess of $15,000.

43. By its actions, Hiscox and Navigators are guilty of oppression, fraud and/or malice, expressed or implied.

44. Accordingly, in addition to compensatory damages, O48 Realty, Inc. may recover punitive damages for the sage of example and by way of punishing Hiscox and Navigators.

45. O48 Realty, Inc. has been required to obtain the services of Cogburn Law Offices to prosecute this claim, and is entitled to recover reasonable attorney fees and other costs incurred in this litigation as special damages, in addition to any other relief to which it may be entitled.

## **THIRD CLAIM FOR RELIEF**

### **(Violations of NRS 686A.310—against all Defendants)**

46. O48 Realty, Inc. realleges and incorporates by reference the prior paragraphs of this Complaint as though fully set forth herein.

47. At all times relevant and material hereto, NRS 686A.310 was in full force and effect.

48. Hiscox and Navigators violated NRS 686A.310 in various ways, including, by not limited to:

   a. Failing to acknowledge and at reasonably and promptly upon communications with respect to claims arising under insurance policies;

   b. Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies;

   c. Failing to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured;

   d. Failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has becomes reasonably clear;

   e. Compelling insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insured, when the insured have made claims for amounts reasonably similar to the amounts ultimately recovered;

  f. Failing to settle claims promptly, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage; and/or

  g. Failing to provide promptly to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial of this claim or for an offer to settle or compromise this claim.

  h. Unreasonably withdrawing defense and coverage of claims.

49. As a direct and proximate cause of Hiscox and Navigtor's breaches, O48 Realty, Inc. has been damaged in an amount in excess of $15,000.00.

50. By their actions, Hiscox is guilty of oppression, fraud and/or malice, express or implied.

51. Accordingly, in addition to compensatory damages, O48 Realty, Inc. may recover punitive damages for the sake of example and by way of punishing Hiscox.

52. O48 Realty, Inc. has been required to obtain the services of Cogburn Law Offices to prosecute this claim, and is entitled to recover reasonable attorney fees and other costs incurred in this litigation as special damages, in addition to any other relief to which it may be entitled.

## **FOURTH CLAIM FOR RELIEF**

**(Declaratory Relief – against all Defendants)**

53. Plaintiff repeats and realleges the paragraphs as though fully stated herein.

54. O48 Realty, Inc. realleges and incorporates by reference the prior paragraphs of this Complaint as though fully set forth herein.

55. There exists between O48 Realty, Inc. and Hiscox and Navigators a justiciable controversy regarding the rights and obligations of the parties under the respective policies,

1 specifically, but not limited to, whether Hiscox and/or Navigators should have defended and
2 indemnified O48 Realty in the Ionescu Suit.

3     56.    O48 Realty, Inc. seeks a declaratory judgment to resolve this controversy,

4     57.    This action presents a justiciable controversy related to the obligations, right and
5 limitations to the parties under the respective policies.

6     58.    O48 Realty, Inc. and Hiscox and Navigators have adverse interests in this matter,

7     59.    O48 Realty, Inc. asserts a legally protectable interest that is ripe for determination.

8     60.    O48 Realty, Inc. has been required to obtain the services of Cogburn Law Offices
9 to prosecute this claim, and is entitled to recover reasonable attorney fees and other costs incurred
10 in this litigation as special damages, in addition to any other relief to which it may be entitled.

11 …
12 …
13 …
14 …
15 …
16 …
17 …
18 …
19 …
20 …
21 …
22 …
23 …
24 …
25 …

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendants:

1. For general damages in excess of $15,000 for each claim for relief;

2. For special damages determined at the time of trial;

3. For punitive damages;

4. For judicial declaration as to the rights, obligations, and liabilities of the parties to the respective policies of insurance;

5. For an award of reasonable attorney fees and costs of suit incurred herein; and

6. For such other and further relief as the Court may deem just and proper.

Dated this _____ day of _____, 2019.

COGBURN LAW OFFICES

By:_____
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
Erik W. Fox, Esq.
Nevada Bar No. 8804
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
*Attorneys for Plaintiff*